FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 1 5 2023

MITCHELL R. ELFERS
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTIAN QUINTANA,

    Defendant.

Crim. No. 21-1578 DHU

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, Christian Quintana, and the Defendant's counsel, Carter B. Harrison IV:

### REPRESENTATION BY COUNSEL

1.    The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.    The Defendant further understands the Defendant's rights:

    a.    to plead not guilty, or having already so pleaded, to persist in that plea;

    b.    to have a trial by jury; and

    c.    at a trial:

        1)    to confront and cross-examine adverse witnesses,

        2)    to be protected from compelled self-incrimination,

        3)      to testify and present evidence on the Defendant's own behalf, and

        4)      to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.      The Defendant agrees to waive these rights and to plead guilty to Count 1 of the indictment, charging a violation of 18 U.S.C. §§ 2244(a)(5), 2246(2)(A), and 1153, that being Abusive Sexual Contact, an Indian Country Crime, and Count 3 of the indictment, charging a violation of 18 U.S.C. §§ 2241(a), 2246(2)(A), and 1153, that being Aggravated Sexual Abuse, an Indian Country Crime.

## SENTENCING

4.      The Defendant understands that the maximum penalty provided by law for these offenses are:

*Abusive Sexual Contact*

    a.    any term of years up to life imprisonment;

    b.    a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

    c.    a term of supervised release of not less than five years or for life to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

       d.     a mandatory special penalty assessment of $100.00; and

       e.     restitution as may be ordered by the Court.

*Aggravated Sexual Abuse*

       a.  any term of years up to life imprisonment;

       b.  a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

       c.  a term of supervised release of not less than five years or life to follow any term of imprisonment.  (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

       d.  a mandatory special penalty assessment of $100.00 per count; and

       e.  restitution as may be ordered by the Court.

5.     The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6.     The parties are aware that the Court will decide whether to accept or reject this plea agreement. The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the Defendant shall have the right to withdraw the Defendant's plea of guilty.

7.     Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## ELEMENTS OF THE OFFENSE

8.     If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Count 1: 18 U.S.C. §§ 2244(a)(5), 2246(2)(A), and 1153, that being Abusive Sexual Contact, an Indian Country Crime

> *First*:   Defendant knowingly engaged in or caused sexual contact with Jane Doe 1;
>
> *Second*: The circumstances of the sexual contact would violate 18 U.S.C. §2241(c) were the sexual contact a sexual act;
>
> *Third*:  At the time of the offense, Jane Doe 1 had not yet attained the age of 12 years;
>
> *Fourth*: The Defendant is an Indian;
>
> *Fifth*:  The offense occurred in Indian Country

Count 3: 18 U.S.C. §§ 2241(a), 2246(2)(A), and 1153, that being Aggravated Sexual Abuse, an Indian Country Crime

> *First*:  The defendant caused Jane Doe 2 to engage in a sexual act, which consisted of the penetration of Jane Doe 2's vagina by the penis of the Defendant;
>
> *Second*: The defendant acted knowingly in causing Jane Doe 2 to engage in the sexual act;

4

*Third*: The defendant did so by threatening or placing Jane Doe 2 in fear that any person will be subjected to death, serious bodily injury, or kidnapping;

*Fourth*: The defendant is an Indian;

*Fifth*: The crime occurred in Indian Country.

## DEFENDANT'S ADMISSION OF FACTS

9. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> Between on or about October 1, 2012, and October 30, 2013, when Jane Doe 1, who was step-daughter, was between six and seven years old, I, Christian Quintana, lifted-up Jane Doe 1's dress and intentionally touched her vagina. ~~I do not dispute that~~ My actions were taken with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person, including myself. I further agree that (1) this act happened in a shed located at 29 1st Street, Dulce, New Mexico, which is within the exterior boundaries of the Jicarilla Apache Nation, a federally recognized tribe, and (2) I am a member of the Jicarilla Apache Nation by grandfather clause, and Indian as defined by federal law for purposes of federal jurisdiction under 18 U.S.C. § 1153. Lastly, I do not dispute that my actions, that is intentionally touching Jane Doe 1's vagina, would have violated 18 U.S.C. § 2241(c) had I penetrated Jane Doe 1' vagina.
>
> Later, between on or about October 17, 2019, and October 17, 2020, I raped Jane Doe 2, my other step-daughter, who at the time was 17 years-old. Specifically, I drove Jane Doe 2 to secluded location past a graveyard. I then removed both of our pants and climbed on top of her in the passenger seat. Once on top of Jane Doe 2, I inserted my penis into her vagina and had sex with her. In order to rape Jane Doe 2, I placed her in fear for her own life and the lives of her family members.

5

That is, I told Jane Doe 2 that I had a gun and would kill everyone, including myself. Additionally, I do not dispute that, because I had already hurt Jane Doe 2's family members in front of her numerous times in the past, including stabbing her uncle in front of her, for which I was convicted, I intentionally placed Jane Doe 2 in fear that she or others may be hurt or killed unless she submitted to the rape. I am a member of the Jicarilla Apache Nation by grandfather clause, and Indian as defined by federal law for purposes of federal jurisdiction under 18 U.S.C. § 1153. I also do not dispute that the aggravated sexual abuse of Jane Doe 2 occurred within the exterior boundaries of the Jicarilla Apache Nation.

10. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

11. The United States and the Defendant recommend as follows:

   a. The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence of 15-25 years (180-300 months) imprisonment is the appropriate disposition in this case. This agreement takes into account the Defendant's acceptance of responsibility, with no further reduction to occur. In addition, the Court may order a fine not to exceed $250,000, a term of supervised release of not less than five years up to life following imprisonment, a mandatory special penalty assessment, and restitution.

   b. If the Court accepts the plea agreement, it must inform the Defendant that the agreed upon disposition will be included in the judgment, and the

6

Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

## DEFENDANT'S ADDITIONAL AGREEMENT

12. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13. The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

14. Except under circumstances where the Court, acting on its own, rejects this plea agreement (or functionally rejects it, as described below under the heading Violation or Rejection of Plea Agreement), the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after the Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

15.     By signing this plea agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the Defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.

16.     The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant. Consequently, in return for the benefit conferred on the Defendant by entering into this agreement, the Defendant agrees not to seek any sentence other than a sentence in the range of 15-25 years (180-300 months) imprisonment as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal rules of Criminal Procedure.

## RESTITUTION

17.     The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A if applicable; if § 3663A is not applicable, the Court will enter an order of restitution pursuant to 18 U.S.C §§ 3663 and 3664.

## SEX OFFENDER REGISTRATION AND NOTIFICATION

18.     The Defendant understands that by pleading guilty, the Defendant will be required to register as a sex offender upon the Defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that independent of supervised release, the Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the Defendant's life. The Defendant understands that the Defendant shall keep the Defendant's registration

current, shall notify the state sex offender registration agency or agencies of any changes to the Defendant's name, place of residence, employment, or student status, or other relevant information within three business days after such change. The Defendant shall comply with requirements to periodically verify in person the Defendant's sex offender registration information. The Defendant understands that the Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the Defendant resides in New Mexico following release from prison, the Defendant will be subject to the registration requirements of NMSA 1978 §§ 29-11A-1 to 10. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the Defendant's release from confinement following conviction.

19. As a condition of supervised release, the Defendant shall initially register with the state sex offender registration in the State of New Mexico, and shall also register with the state sex offender registration agency in any state where the Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirements to update the Defendant's registration information. The Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## WAIVER OF APPEAL RIGHTS AND POST-CONVICTION RIGHTS

20. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of

restitution entered by the Court. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence.

21. The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation Guideline range.

22. The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

23. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

24. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

    a. Following sentencing, the United States will move to dismiss Count 2 of the indictment.

    b. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

25. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

26. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OR REJECTION OF PLEA AGREEMENT

27. The Defendant agrees that if the Court finds that the Defendant has violated any provision of this agreement, the United States may declare this agreement null and void. In such a case, or where the Court has rejected the plea agreement or has functionally rejected it by failing to accept the agreement within six months of its entry (except where the United States, in its sole discretion, agrees to an extension of that time) the United States is released from its obligations under the plea agreement and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

28. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico

87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $~~$100.00~~ in payment of the special penalty assessment described above.

$200.00 CH IV CH

## ENTIRETY OF AGREEMENT

29. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 15th day of June, 2023.

ALEXANDER M.M. UBALLEZ
United States Attorney

_____ Zach Jones for
MATTHEW J. MCGINLEY
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
CARTER B. HARRISON IV
Attorney for the Defendant

12

I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

_____
CHRISTIAN QUINTANA
Defendant