UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                 Crim. No. 21-1578 DHU

**CHRISTIAN QUINTANA,**

    Defendant.

### UNITED STATES' OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT

The United States respectfully objects to paragraph 38 of Defendant's Presentence Investigation Report ("PSR"). *See* Doc. 42. That paragraph, entitled Specific Offense Characteristics, includes a four-level enhancement for Defendant abducting Jane Doe 2. The United States submits this objection in opposition of the enhancement.[1]

### I. BACKGROUND

Per the PSR,

> when Jane Doe 2 was 17 years old, she was visiting Quintana's mother with the rest of their family in Dulce, New Mexico. Jane Doe 2 was outside looking at the stars and Quintana told her to get in the car. He drove them to Rivertown, past the graveyard and parked. He crawled into the passenger seat and took Jane Doe 2's pants off. He put his penis inside her. Quintana threatened her and her family's lives by stating he would grab a gun and kill them all, and then take his own life.

PSR ¶ 18.

---

[1] The United States conferred with Probation on this matter. According to Probation, and even in light of the recent governing authority cited herein, the enhancement applies. The Government was not provided the cases that Probation relies upon for its position. And as for Defendant, he indicated that he agrees with the United States' position, however, defense counsel has been unresponsive since the PSR issued. Therefore, the United States files this objection to comply with the deadlines set out in the Federal Rules of Criminal Procedure.

## II.     ANALYSIS

The above facts fail to meet the requisite test for abduction under United States Sentencing Guideline § 2A3.1(b)(5).  As quick background, the Guidelines feature an abduction enhancement in two locations: (1) USSG § 2A3.1(b)(5) (sexual abuse) and (2) USSG § 2B3.1(b)(4) (robbery). As an issue of first impression, the Tenth Circuit addressed this enhancement in the context of robbery and USSG § 2B3.1(b)(4): "a person is 'abducted' if (1) he or she *is forced to move from his or her original position with sufficient force that a reasonable person would not believe he or she was at liberty to refuse*; (2) the offender accompanies the person to the new location; and (3) the relocation of the person was in order to further either the commission of the crime or the offender's escape."  *United States v. Archuleta*, 865 F.3d 1280, 1288 (10th Cir. 2017) (emphasis added).[2][3]  The Tenth Circuit then adopted this test as applied to sexual abuse:

> According to Wells, the definition of "abducted" adopted in *Archuleta* is not applicable here because that case involved robbery, while this case involves sexual assault. The problem, of course, is that the definition of "abducted" at issue in *Archuleta* is the same definition at issue here: the one set out in § 1B1.1 cmt. n.1(A). This court does not see how, consistent with principles of stare decisis, we could adopt a reading of "abducted" that requires more, in a contextually appropriate case, than movement from one location in a building to another. *See United States v. Meyers*, 200 F.3d 715, 720 (10th Cir. 2000) ("Under the doctrine of stare decisis, this panel cannot overturn the decision of another panel of this court. ... The precedent of prior panels which this court must follow includes not only the very narrow holdings of those prior cases, but also the reasoning underlying those holdings, particularly when such reasoning articulates a point of law.") In any event, we can perceive of no principled reason to depart from the definition of "abducted" set out in *Archuleta*. The risks of isolation due to abduction in sexual abuse cases are, most certainly, no less present than in a robbery. *United States v. Saknikent*, 30 F.3d 1012, 1013 (8th Cir. 1994) ("Abduction increases the gravity of sexual assault or other crimes because the perpetrator's ability to isolate the victim increases the likelihood that the victim will be harmed.").

---

[2] As for force, the court concluded that "it is undisputed that Archuleta, by brandishing a firearm, forced the bank manager and a female teller to accompany him from the lobby and teller area of the bank around a corner and into a separate vault area." *Id*. at 1288.

[3] There is a spilt among the Circuits as to this enhancement.  However, that spilt relates to definition of "location," which is not at issue here.  *Id*. at 1287.  Force is what is missing in this matter.

*United States v. Wells*, 38 F.4th 1246, 1263 (10th Cir. 2022).[4]

The *Wells* court further concluded:

> In any event, the standard set out in *Archuleta* neither requires nor suggests the absurd result posited by Wells. In *Archuleta*, the enhancement applied to movement from the lobby of a bank to the vault—one location to another. 865 F.3d at 1282. Furthermore, to satisfy the Archuleta test, the defendant must accompany the victim "to the new location." *Id*. at 1288. Thus, the *Archuleta* standard clearly requires more than trivial movement. And, to be clear, V.W.'s movement was anything but trivial. *Wells grabbed her by the hair at the precipice of the door exiting the house, dragged her through a kitchen into a back bedroom. He did this three times. He did so because, in Wells's words, V.W. "wasn't leaving, and ... he was going to kill [her]." R. Vol. VIII at 169. The abduction and "use-of-force" enhancements in this case do not necessarily overlap.*

*Id*. at 1264.[5]

Thus, given this recent, governing authority, the abduction enhancement requires force, or at least some physical/intellectual compulsion to relocate a victim. Here, although the Government has not received a definitive response on this matter from defense counsel, it is anticipated that Defendant will object. And as an officer and advisor of the Court with a directive to correctly apply the law, undersigned counsel submits that the Government does not have any evidence to support this enhancement. That is, the record lacks evidence of force.

---

[4] *Wells* did identify

> one way in which the test for "abduction" under U.S.S.G. § 2A3.1(b)(5) could be held to differ from the three-part test articulated in *Archuleta*. Specifically, the third element of the *Archuleta* test— "the relocation of the person was in order to further either the commission of the crime or the offender's escape," 865 F.3d at 1288—appears to be derived not from the underlying definition provided in § 1B1.1, but rather from the specific language of the robbery abduction enhancement, which applies "[i]f any person was abducted to facilitate commission of the offense," U.S.S.G. § 2B3.1(b)(4) (emphasis added). Section 2A3.1(b)(5) does not contain this limiting language, but rather applies simply if "the victim was abducted." Thus, only the first two elements of the *Archuleta* test would seem necessary to establish abduction under § 2A3.1(b)(5). This issue has not been squarely presented in this case, however, and removing this element from the *Archuleta* definition would not benefit Wells in any event. We accordingly do not resolve this potential issue in this appeal.

*Id*. at 1263 n.13.

[5] Notably, force was not the main issue in *Wells* nor *Archuleta*. Rather, the court focused on the "location" aspect of the three-prong test. Nonetheless, *Wells* and *Archuleta* clearly state that force is required.

### III.   CONCLUSION

Accordingly, the United States objects to the PSR's inclusion of a four-level enhancement under USSG § 2A3.1(b)(5).

Sincerely,

ALEXANDER M.M. UBALLEZ
United States Attorney

*/s/ Electronically filed on August 23, 2023*
MATTHEW J. McGINLEY
Assistant United States Attorney
P.O. Box 607
Albuquerque, N.M. 87103

I HEREBY CERTIFY that on August 23, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause a copy of this filing to be sent to counsel for Defendant.

*/s/*
MATTHEW J. McGINLEY
Assistant United States Attorney